UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL LUKS, | ) | 1:09CV2751 |
| | ) | |
|     Petitioner | ) | JUDGE JACK ZOUHARY |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| BENNIE KELLY, | ) | |
| | ) | |
|     Respondent | ) | MEMORANDUM AND |
| | ) | <u>ORDER</u> |

McHARGH, MAG. J.

    The petitioner Michael Luks ("Luks") has filed a petition for a writ of habeas corpus through counsel, arising out of his 2007 conviction for multiple counts of rape, gross sexual imposition, and kidnapping, in the Cuyahoga County (Ohio) Court of Common Pleas. In his petition, Luks raises three grounds for relief:

> 1. The State charged Petitioner using "carbon copy indictments" that were not amended until the end of the State's case-in-chief. This deprived him of fair notice of the charges and an adequate opportunity to prepare a defense and subjected him to the risk of double jeopardy, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> 2. Petitioner was denied access to transcripts of the grand jury proceedings from his case. He had a particularized need for the transcripts. The multiple, "carbon copy indictments" meant that without the transcripts, he had no way of knowing the full nature of charges against him and could not prepare a defense. The court's denial of his motion violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution.

>   3. Mr. Luks' trial counsel provided ineffective assistance, in violation of the Sixth and Fourteenth Amendments, by failing to impeach witnesses with their prior inconsistent statements, failing to move to strike inflammatory and prejudicial material from the record, failing to request a redaction of prejudicial journal pages entered into evidence, failing to request a handwriting expert in regards to the journals, failing to request a "drug addict" jury instruction, and failing to put forth a defense during the sexual offender hearing.

(Doc. 1, at § 12.)

Currently before the court is Luks' motion, under Habeas Rule 5, to require respondent to file the entire trial transcript. (Doc. 15.) The respondent has filed a memorandum in opposition. (Doc. 16.)

Luks states that the respondent's Return (doc. 13) is insufficient under Habeas Rule 5 because it contains "only a partial record of Luks' trial proceedings, having omitted the transcript of the trial." (Doc. 15, at 2.) Luks contends that he "needs to rely on the complete state court record to respond to Respondent's defenses, as well as to establish the merits of his individual claims." Id.

The respondent represents that counsel for the petitioner possesses a copy of the trial transcript. (Doc. 16, at 1.) The respondent proposes that petitioner file whichever portions of the transcript are necessary to support his arguments. Id. at 2.

Habeas Rule 5 provides that the respondent "must attach to the answer parts of the transcript that the respondent considers relevant." Rule 5 of the Rules Governing Section 2254 Cases. The court may order the respondent to furnish other parts of the transcript which may be necessary for its ruling. Id. The

2

respondent notes that he did not deem the entire transcript to be necessary. (Doc. 16, at 1.)

The court is not generally inclined to require the submission of complete trial transcripts, except where the claims of the petition would so require. See, e.g., Clark v. Waller, 490 F.3d 551, 555 (6th Cir.), cert. denied, 552 U.S. 1030 (2007) (no general rule requiring court to review transcript in all cases); Kincaid v. Welch, No. 1:09 CV 00890, 2009 WL 4110878, at *1 (N.D. Ohio Nov. 19, 2009); Pankey v. Smith, No. 4:09CV617, 2009 WL 3622891, at *11-*12 (N.D. Ohio Oct. 29, 2009). In this case, the jury trial apparently lasted a full week, and the transcript is presumably voluminous. See doc. 13, at 4 (trial commenced March 14, 2007, to verdict on March 20).

The court further notes that counsel for Luks referred only sparingly to the trial transcript in his briefs during the direct appeal process in the state courts. See generally doc. 13, RX 7 (appellate brief), and RX 11 (memorandum in support of jurisdiction to Ohio Supreme Court).

Based on the foregoing, Luks may file those portions of the trial transcripts which support the grounds he has set forth in his petition. However, the court will not order the respondent to file the entire transcript, and Luks is advised to file as exhibits only those relevant portions which he will cite in support.

The motion (doc. 15) is DENIED.

IT IS SO ORDERED.

Dated:  May 28, 2010                                  /s/ Kenneth S. McHargh
                                                                                                 Kenneth S. McHargh
                                                                                                 United States Magistrate Judge