IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Michael Luks, | Case No. 1:09 CV 2751 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Bennie Kelly, Warden, | |
| Respondent. | |

**INTRODUCTION**

Pending before the Court is Petitioner Michael Luks's Petition for Writ of Habeas Corpus (Doc. No. 1). Luks, a prisoner in state custody, alleges his detention violates the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

This Court referred this case to Magistrate Judge McHargh for a Report and Recommendation ("R&R") pursuant to Local Rule 72.2(b)(2). The Magistrate recommends denial of the Petition (Doc. No. 22). Petitioner filed objections to the R&R and requested, in the alternative, this Court grant a certificate of appealability (Doc. No. 23); Respondent replied (Doc. No. 24).

Pursuant to 28 U.S.C. § 636(b)(1)(B) & (C) and *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), this Court has conducted a *de novo* review of the Magistrate's findings, adopts the Magistrate's recommendation to deny the Petition and also declines to grant a certificate of appealability.

**BACKGROUND**

The R&R accurately recites the factual and procedural backgrounds from the record and the Court adopts them in their entirety (Doc. No. 22 at 2–5). Briefly, a Cuyahoga County grand jury indicted Luks on 110 counts of rape, gross sexual imposition, and kidnapping arising from Luks's

unlawful sexual acts with his two juvenile nieces. Following the prosecution's case-in-chief, the State dismissed all but ten counts against Luks.  The jury found Luks guilty of four counts of rape, two counts of gross sexual imposition, and four counts of kidnapping.  The trial court sentenced Luks to four statutorily-mandated life sentences for the rape convictions, five years for the gross sexual imposition convictions, and ten years for the kidnapping convictions.  The trial court ordered Luks to serve the rape and kidnapping counts concurrently but consecutively to the gross sexual imposition counts (Doc. No. 22 at 3).

Luks filed a direct appeal with the Ohio court of appeals, which affirmed the judgment of the trial court.  Luks timely appealed to the Ohio Supreme Court, which dismissed the appeal as not involving any substantial constitutional question (Doc. No. 22 at 4–5).

### STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, prohibits a federal habeas court from granting a habeas petition unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

Under the "contrary to" prong of Section 2254(d)(1), a federal habeas court may grant the writ if the state court arrived at a conclusion opposite to the conclusion the Supreme Court reached on a similar question of law, or if the state court decided a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000).

A federal habeas court may grant the writ pursuant to the "unreasonable application" prong of Section 2254(d)(1) "if the state court identifies the correct governing principle" from the Supreme Court's decisions "but unreasonably applies that principle to the facts" of a case. *Id*. at 413.  A state

2

court decision is not unreasonable merely because a federal court considers the state court's decision to be erroneous or incorrect. Rather, the state court's decision must be an "objectively unreasonable" application of federal law. *Id.* at 409; *see also Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) ("[a] state court's determination that a claim lacks merit precludes habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision" (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### ANALYSIS

Petitioner makes two objections to the R&R. The Court addresses each in turn.

### First Objection – Indictment

Petitioner argues the Magistrate erred in concluding that the state court of appeals reasonably applied *Russell v. United States*, 369 U.S. 749 (1962). In *Russell*, the court held that the sufficiency of an indictment is measured by whether the indictment "contains the elements of the offense to be charged, and sufficiently apprises the defendant of what he must be prepared to meet," and "in case any other proceedings are taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." *Id*. at 763–64. Relying on *Russell*, the Sixth Circuit has held that an indictment is constitutionally sufficient when it "(1) contains the elements of the charged offense, (2) gives the defendant adequate notice of the charges, and (3) protects the defendant from double-jeopardy." *Valentine v. Konteh*, 395 F.3d 626, 631 (6th Cir. 2005). Petitioner contends the Indictment neither provided him with adequate notice of the charges nor protected him from the risk of double-jeopardy.

3

*Adequate Notice*

Petitioner equates his Indictment with *Valentine*, arguing "with the exception of changing the statute [] which Mr. Luks was being charged with violating, all of the counts involving Victim I were identically worded" (Doc. No. 23 at 6). In *Valentine*, the Sixth Circuit criticized the State's failure to differentiate and prosecute "separate abusive incidents," and concluded that this failure deprived the defendant of the adequate notice necessary to defend himself that *Russell* guaranteed. *Id.* at 636. As Petitioner notes, "[t]he victim in *Valentine* described typical abuse, and then estimated the number of times that that abuse occurred" (Doc. No. 23 at 4). In *Valentine*, the Sixth Circuit stated "[t]he Constitution . . . demand[s] that if a defendant is going to be charged with multiple counts of the same crime, there must be some minimal differentiation at some point in the proceeding," *id.* at 638, and the "exigencies of child abuse cases necessitate considerable latitude in the construction of criminal charges," but prosecutors who file multiple charges against a defendant "must link those multiple charges to multiple identifiable offenses." *Id.* at 636.

Here, the court of appeals identified specific examples of abuse in Victim I's testimony -- separate criminal acts which support Petitioner's convictions. Victim I "testified to specific instances of abuse, not mere generalities." *State v. Luks*, 2008 WL 3126177, at *3 (Ohio Ct. App. 2008). The State satisfied the constitutional requirement differentiating between counts through its presentation of evidence and by dismissing 100 counts from the Indictment following its case-in-chief.

Petitioner also argues that *Ohio v. Hemphill*, 2005 Ohio App. LEXIS 3429 (Ohio Ct. App. 2005), compels this Court to reject the Magistrate's recommendation and grant his Petition. The key difference between this case, and *Hemphill* and *Valentine*, is that the charges upon which the jury convicted Petitioner were not "made out through estimation or inference." *Valentine*, 395 F.3d at 632

4

(large time windows in child abuse cases are not in conflict with notice requirements). The State dismissed all counts against Petitioner except those specifically supported by testimony from Victims I and II. Even without exact date and time allegations, there was sufficient differentiation between the counts to enable Petitioner to respond to the charges and prepare an adequate defense.

This Court adopts the Magistrate's conclusion that the state court of appeals reasonably applied *Russell* in determining the Indictment "sufficiently apprise[d] the defendant of what he must be prepared to meet." *Russell*, 369 U.S. at 763.

### *Risk of Double Jeopardy*

The Magistrate concluded that Petitioner procedurally defaulted on his double-jeopardy claim by failing to raise the issue in the court of appeals. Petitioner did not contest this conclusion in the R&R, and this Court adopts the Magistrate's conclusion.

### **Second Objection – Ineffective Assistance of Trial Counsel**

Petitioner argues that the court of appeals applied *Strickland v. Washington*, 466 U.S. 668 (1984), in an objectively unreasonable manner. In *Strickland*, the Supreme Court described a two-part test for evaluating ineffective assistance of counsel claims. A defendant must show (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense" so as to deprive the defendant of a fair trial. *Id.* at 687. The Ohio court of appeals discussed at length Petitioner's six ineffective assistance claims and concluded Petitioner's evidence did not satisfy the *Strickland* standard (Doc. No. 22 at 15–18). The Magistrate agreed (Doc. No. 22 at 18–26).

Petitioner alleges trial counsel was ineffective for failing to: (1) impeach witnesses with prior inconsistent statements; (2) move to strike inflammatory and prejudicial material from the record, including an outburst during closing argument by one of the victim's sisters; (3) request a redaction

5

of prejudicial journal pages entered into evidence; (4) request a handwriting expert examine and testify regarding Victim II's journals; (5) request a drug-addict jury instruction; and, (6) put forth a defense during the sexual-offender hearing (Doc. No. 23 at 7). The Magistrate concluded Petitioner should not prevail on any of his ineffective assistance claims (Doc. No. 22 at 26).

Petitioner fails to show that the state court applied *Strickland* in an objectively unreasonable manner. *Williams*, 529 U.S. at 409. Trial counsel's allegedly erroneous actions were simply "tactical decision[s] about which competent lawyers might disagree." *Bell v. Cone*, 535 U.S. 685, 702 (2002). Moreover, Petitioner has not shown prejudice from his trial counsel's conduct.

For example, trial counsel's failure to request an instruction regarding the outburst during closing was not prejudicial because the jury was instructed about basing its decision solely on the evidence (not outbursts or closing arguments) and the jury is presumed to follow the court's instructions. *State v. Luks*, 2008 WL 3126177, at *5 (Ohio Ct. App. 2008).

During Defendant's closing arguments, an individual who testified during the trial for the prosecution yelled from the gallery: "Bull fucking shit. Fuck you. They fucking did that shit. . . . Fuck this Court" (Doc. No.19-13 at 1). Defense counsel did not directly address this outburst after it occurred, but instead referred to an earlier portion of his closing where he reminded the jury to evaluate the case based on the facts and to consider how a witness's anger could affect the truthfulness of their testimony (Doc. No. 19-12 at 33). On rebuttal, the Prosecutor stated: "It may be courthouse experience that people lose their composure during the course of trial but no one had a reason to believe that was going to occur. For the seriousness of the proceedings I apologize, okay?"(Doc. No. 19-12 at 35).

While "defense counsel might have asked for an instruction on the outburst . . . ," it is highly unlikely "that any juror would consider an emotional outburst from the gallery to be either evidence for consideration by the jury, or a part of either side's closing argument" (Doc. No. 22 at 23). Furthermore, the question "is not whether counsel's performance fell short under *Strickland*, but rather whether the state court's determination . . . is contrary to, or an unreasonable application of, clearly established Supreme Court precedent" (Doc. No. 22 at 26). That is, the state court's application of *Strickland* cannot simply be incorrect, it must be "objectively unreasonable." *Williams*, 529 U.S. at 409.

Under this deferential standard, this Court cannot say the state court's application of *Strickland*, nor its conclusion that Petitioner failed to show prejudice because of trial counsel's inaction, was objectively unreasonable.

## CONCLUSION

After conducting a *de novo* review of the R&R, this Court adopts the Magistrate's recommendation and denies the Petition. Furthermore, pursuant to 28 U.S.C. §§ 1915 and 2253(c), this Court certifies that an appeal from this Order cannot be taken in good faith and declines to issue a certificate of appealability.

IT IS SO ORDERED.

      s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 23, 2011